IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:97-CR-37-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| DARYL BERNARD TYSON, | ) |
| | ) |
| Defendant. | ) |

On March 12, 2021, Daryl Bernard Tyson ("Tyson" or "defendant") moved for relief under

the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E.

75] and filed a memorandum in support [D.E. 76]. On March 25, 2021, the government responded

in opposition [D.E. 80]. On March 26, 2021, Tyson replied [D.E. 81]. The same day, Probation

filed a modified Presentence Investigation Report ("PSR") [D.E. 82], and Tyson filed an objection

to the PSR [D.E. 83]. As explained below, the court grants in part Tyson's motion for reduction of

sentence and reduces his revocation sentence from 36 months' imprisonment to 24 months'

imprisonment.

I.

On January 5, 1998, with a written plea agreement and a waiver of indictment, Tyson pleaded

guilty to conspiracy to distribute cocaine base (count one) and possession with intent to distribute

heroin (count two). See [D.E. 12–14]. On April 27, 1998, the court held a sentencing hearing and

adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 20]. The court

calculated Tyson's total offense level to be 38, his criminal history category to be V, and his advisory

guideline range to be 360 months' to life imprisonment on count one and 240 months' concurrent

imprisonment on count two. See [D.E. 20] 7. After sustaining in part one of Tyson's objections and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Tyson to 360 months' imprisonment on count one and 240 months' concurrent imprisonment on count two, for a total of 360 months' imprisonment. See id. at 2, 8.

On October 19, 1999, the court reduced Tyson's sentence to 144 months' imprisonment on each count to run concurrently. See [D.E. 28]. On August 5, 2005, Tyson moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 30]. On December 1, 2005, the court dismissed Tyson's motion [D.E. 35, 36]. On June 19, 2006, Tyson petitioned the court for a writ of habeas corpus [D.E. 37]. On November 29, 2006, the court granted the motion and reduced Tyson's sentence to 120 months' imprisonment on each count to run concurrently [D.E. 38].

On December 4, 2006, Tyson was released from custody and began a period of supervised release. See [D.E. 39, 71]. On November 24, 2010, Probation moved to revoke supervised release for new drug trafficking crimes. See [D.E. 39]. On December 15, 2012, the court found that Tyson engaged in new criminal conduct on supervised release, revoked Tyson's supervised release, and sentenced Tyson to 36 months' imprisonment consecutive to any other term of imprisonment. See [D.E. 70, 71].

Regarding the underlying criminal conduct, with a written plea agreement, Tyson pleaded guilty on January 10, 2011, to conspiracy to possess with the intent to distribute more than 100 grams of heroin (count one) and money laundering (count three). See Plea Agreement, United States v. Tyson, No. 4:10-CR-94-D (E.D.N.C. Jan. 10, 2011) [D.E. 23]. On January 30, 2012, the court sentenced Tyson to 288 months' imprisonment on count one and 240 months' concurrent imprisonment on count two. See J. at 2, Tyson, No. 4:10-CR-94-D (E.D.N.C. Jan. 30, 2012) [D.E. 53].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Collington, 995 F.3d 347, 352–60 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the

Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Collington, 995 F.3d at 355–61; Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished); but cf. Collington, 995 F.3d 356–58 (district court must reduce sentence to comply with any new statutory maximum sentence).

Tyson engaged in serious, prolonged drug trafficking from approximately 1995 to 1997. See PSR ¶¶ 5–18. Tyson's April 1998 conviction is a covered offense under section 404(a) of the First Step Act because he was convicted of an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Thus, Tyson is eligible for a sentence reduction arising from the revocation sentence.

Tyson's statutory maximum revocation is 24 months' imprisonment, and his policy statement range is 6 to 12 months' imprisonment. See [D.E. 82] 2; [D.E. 83]. The court has completely reviewed the entire record, Tyson's arguments, the new statutory maximum, the policy statement range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Tyson's offense conduct, Tyson engaged in serious, prolonged drug dealing between 1995 and 1997. See PSR ¶¶ 5–18. As the leader of an extensive drug trafficking organization, Tyson was accountable for distributing at least 30 kilograms of crack, 30 kilograms of cocaine, 24 pounds of marijuana, and 10.2 grams of heroin. Tyson is a violent recidivist drug dealer who has been trafficking narcotics since age eighteen. Upon release from his first federal sentence, Tyson returned to dealing drugs, leading to revocation of supervised release for his egregious breach of trust, and a sentence of 36 months' imprisonment for that breach of trust. See [D.E. 71]. Tyson also pleaded guilty to new serious criminal conduct and received a 288-month sentence for conspiracy to possess with the intent to distribute more than 100 grams of heroin and money laundering. See [D.E. 71]; J. at 2, Tyson, No. 4:10-CR-94-D (E.D.N.C. Jan. 30, 2012) [D.E. 53]; Tyson, No. 4:10-CR-94-D (E.D.N.C. Jan. 30, 2012) [D.E. 41] PSR.

Tyson learned nothing from his first trip to federal prison. Moreover, Tyson has sustained two disciplinary infractions while in federal prison. See [D.E. 76-5]; [D.E. 82] 2. Nonetheless, Tyson has taken some positive steps while incarcerated. See [D.E. 76] 6–8; [D.E. 76-2]; [D.E. 76-3]; [D.E. 76-4]; [D.E. 81] 3;[D.E. 82] 2; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). In light of the change to the statutory maximum for the revocation sentence from 36

5

months to 24 months and the change in the policy statement range, the court reduces Tyson's revocation sentence from 36 months' imprisonment to 24 months' imprisonment. See Collington, 995 F.3d at 356–58. Nonetheless, given Tyson's egregious breach of trust on supervised release, horrible and violent criminal record (including a conviction for discharging a weapon into occupied property), misconduct while in prison, the need to promote respect for the law, the need to protect society, and the need to incapacitate Tyson, the court declines to reduce Tyson's sentence any further. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; High, No. 20-7350, 2021 WL 1823289, at *3; Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013); United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010); United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006).

In reaching this decision, the court has considered the entire record, Tyson's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory policy statement range, it still would not reduce further Tyson's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court GRANTS in part Tyson's motions for reduction of sentence [D.E. 75, 76] and REDUCES his revocation sentence from 36 months' imprisonment to 24 months' imprisonment. The 24-month sentence shall run consecutively to Tyson's sentence in case number 4:10-CR-94-D.

SO ORDERED. This 24 day of May 2021.

JAMES C. DEVER III
United States District Judge

6